■ SEACOM, INC., Appellant, v JOSEPH TOBIAS & SONS, Doing Business as 587 FIFTH AVENUE REALTY COMPANY, et al., Respondents. [651 NYS2d 467] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 19, 1994, which denied plaintiff's motion for partial summary judgment and denied defendants' cross motion for partial summary judgment, and another order of the same court and Justice entered June 21, 1995, which granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, the complaint reinstated and summary judgment granted to plaintiff.

Plaintiff brought a breach of contract action seeking damages primarily under the liquidated damages provision of a Letter of Credit Guarantee and Indemnification Agreement between the parties. The IAS Court denied both parties' motions for summary judgment, finding the existence of an issue of fact as to whether, as defendants claimed, there had been an "effective oral modification of the Guarantee." After conducting a trial solely on this issue, the court dismissed the claim, finding it had been utterly unsubstantiated. However, the court then allowed defendants to amend their answer, raising for the first time the affirmative defense that plaintiff had not complied with the notice provisions of the agreement with respect to a particular document. Specifically, the new claim was based on

the fact that although defendants had received a particular communication by certified mail, defense counsel had received his only by regular mail.

Having permitted the amendment at this juncture, the court informed plaintiff that if it would drop the liquidated damages claim, the court would set a new trial date on general damages; if plaintiff did not drop the liquidated damages claim, the court would dismiss the complaint outright. This is precisely what the court proceeded to do when plaintiff declined to drop the claim. In so doing, the court noted that it had taken into consideration the fact that it viewed the liquidated damages sought to be excessive.

It was error for the court to permit the amendment of defendants' answer under the circumstances, and it was error to dismiss the complaint based on the claim belatedly raised by that amendment. Defendants' course of conduct up to and through trial—including a substantial payment to plaintiff upon receipt of the now-disputed mailing—effectively waived the issue of notice with respect to the particular document (*see, Baker v Norman*, 226 AD2d 301, *lv dismissed* 88 NY2d 1040; *Cameron v 1199 Hous. Corp.*, 208 AD2d 454). In so holding, we note that it is only under defendants' interpretation of the notice provisions that plaintiff's method of mailing the particular document may have constituted a violation thereof.

Moreover, while the trial court may have found the liquidated damages provision to be harsh, this does not render it unenforceable. Indeed, it appears that the provision was included for the very purpose of inducing plaintiff to agree to the terms of the Letter of Credit and assuaging plaintiff's reservations about defendants' possible breach. The provision was negotiated and drafted not by one side but by both parties. In this regard, it should be noted that, in connection with the court's December 19, 1994 order, the court went so far as to disqualify counsel for both sides because both had drafted the agreement at issue. Accordingly, the complaint should be reinstated and summary judgment granted to plaintiff. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.